UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETH ROSENTHAL, Administrator of the Estate of Paula Fruchtman, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> L.J. ROSS ASSOCIATES, INC., and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> CIVIL ACTION <br><br> CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, BETH ROSENTHAL, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above- named Defendants, L.J. ROSS ASSOCIATES, INC., (hereinafter "LJROSS") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply with the Act.

*See* 15 U.S.C. 1692 *et seq.* Rosenau v Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008); Brown v. Card Service Center, 464 F.3d 450, 453 (3rd Cir. 2006).

3. Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* Brown, 464 F.3d at 453; Matter of Stroh v Director, OWCP, 810 F.2d 61, 63 (3rd Cir. 1987).

4. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5. The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6. "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

10. Plaintiffs seek statutory damages, attorney's fees, cists, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

13. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

14. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16. LJROSS is a foreign corporation with its primary offices located at 4 Universal Way, Jackson, MI 49204.

17. Upon information and belief, LJROSS is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

18. LJROSS has attempted to collect a debt allegedly owed by the Estate of Paula Fruchtman to JCP&L.

19. LJROSS regularly used the United States Postage Service in its attempts to collect debts due to others.

20. LJROSS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

21. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

23. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who sent initial collection letters and/or notices from LJROSS concerning a debt owed or allegedly owed to JCP&L that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.

- <u>The class definition may be subsequently modified or refined</u>.
- The Class period begins one year to the filing of this Action.

24. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to: Section § 1692g et seq.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

25. Sometime prior to September 15, 2016, Paula Fruchtmen, allegedly incurred a financial obligation to JCP&L.

26. The JCP&L obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. The JCP&L obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

28. JCP&L is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

29. Paula Fruchtman died on August 29, 2015 in Morristown, New Jersey.

30. On October 26, 2015, Beth Aileen Rosenthal, was appointed by the Morris County Surrogate as the Administrator C.T.A. of the Estate of Paula Fruchtman.

31. On or before September 15, 2016, Paula Fruchtman's account with JCP&L became past due and was in default.

32. On or before September 15, 2016, JCP&L placed Plaintiff's account with LJROSS for the purpose of collection.

33. At the time JCP&L placed Plaintiff's account with LJROSS for the purpose of collection, the account was in default.

34. On or before September 15, 2016, LJROSS caused to be mailed to Paula Fruchtman a letter attempting to collect the alleged JCP&L debt. A copy of said letter is annexed hereto as Exhibit A.

35. Upon receipt, the undersigned attorney forwarded said letter to Plantiff.

36. Upon receipt, Plaintiff read said letter.

37. The top of the September 15, 2016 letter stated in part:

>  **** PLEASE CALL ****
>  Telephone: 1-800-504-3755
>  Facsimile 517-544-9101
>  Hrs: Mon - Fri 8:00 AM - 6:30 PM EST
>  www.ljross.com

***Please have your account number XXXX3791 available when you call our office.* * * *

38. The September 15, 2016 letter stated in the first paragraph:

The above client has referred your unpaid account to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 day from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 day from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In any communication with our company or your creditor always refer to your account number, printed on this letter.

This is an attempt to collect a debt, and any information obtained will used for that purpose.

Sincerely.

Collection Department
1-800-504-3755

39. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

POLICIES AND PRACTICES COMPLAINED OF

40. It is LJROSS' policy and practice to send initial written collection communications, in the forms annexed hereto as Exhibit A which violate the FDCPA, by *inter alia*:

(a) Including language or text that contradicts and/or overshadows the required debt collection notices;

(b) Using false representations or deceptive means to collect or attempt to collect any debt.

41. On information and belief, LJROSS sent a written communication, in the form annexed hereto as Exhibit A to at least 50 natural persons in the State of New Jersey.

COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
VIOLATION OF 15 U.S.C. §1692g *et seq*.**

42. Plaintiff repeats the allegations contained in paragraphs 1 through 41 as if the same were set forth at length.

43. Collection letters and/or notices such as those sent by LJROSS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- (3)

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. LJROSS' letter to Plaintiff, dated September 15, 2016 contained the required validation notice.

46. At the top of the September 15, 2016 letter in a larger font and ruled box provides instructions for the consumer to: **** PLEASE CALL **** a toll free telephone number of 1-800-504-3755 between the hours of 8:00 AM and 6:30 PM EST Monday through Friday, or to send a facsimile to 517-544-9101.

47. The September 15, 2016 further instructs the consumer to: ***  *Please have your account number xxxxx3791 available when you call our office.* ***

48. The least sophisticated consumer upon reading the September, 2016 letter from LJROSS, would be confused as to the method required to effectively dispute the alleged debt.

49. Upon reading the September, 2016 letter from LJROSS, the least sophisticated consumer would believe that she should choose either of the instructions as set forth direct above the validation notice to call the toll free number *or* send a facsimile to LJROSS at the telephone numbers provide on the letter, to dispute the alleged debt.

50. A dispute of a debt, to be effective, in the Third Circuit, must be in writing.

*Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

51. LJROSS violated Section 1692g et seq., of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

52. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

55. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

56. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

57. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of LJROSS' actions, conduct, omissions and violations of the FDCPA described herein.

58. Plaintiff suffered an informational injury due to LJROSS' violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

59. Plaintiffs suffered a risk of economic injury due to SUNRISE 's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

60. By reason thereof, LJROSS is liable to Plaintiff for declaratory judgment that LJROSS' conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and

attorneys' fees.

## COUNT II

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
<u>VIOLATION OF 15 U.S.C. § 1692e(10)</u>**

61. Plaintiff repeats the allegations contained in paragraphs 1 through 60 as if the same were here set forth at length.

62. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. LJROSS violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that he can call either call the toll free number *or* send a facsimile to LJROSS at the telephone numbers provided the letter, to dispute the alleged debt, when in fact he must dispute the alleged debt in writing for the dispute to be effective.

64. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

65. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

66. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

67. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

68. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of LJROSS' actions, conduct, omissions and violations of the FDCPA

described herein.

69. Plaintiff suffered an informational injury due to LJROSS violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

70. Plaintiffs suffered a risk of economic injury due to LJROSS' violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

71. By reason thereof, LJROSS is liable to Plaintiff for declaratory judgment that LJROSS' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining LJROSS, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring LJROSS to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 15, 2107

/s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ Joseph K. Jones
Joseph K. Jones, Esq.

CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 15, 2017

s/ Joseph K. Jones
Joseph K. Jones, Esq.



NOTICE OF AMOUNT DUE

Statement Date: September 15, 2016  
Creditor: Jcp&l  
Amount Due: $213.31  

Account #: ####3791

MAKE CHECKS PAYABLE TO:

L.J. ROSS ASSOCIATES, INC.  
P.O. Box 6099  
Jackson MI 49204-6099

**** PLEASE CALL ****  
Telephone: 1-800-504-3755  
Facsimile 517-544-9101  
Hrs: Mon – Fri 8:00 AM – 6:30 PM EST  
www.ljross.com

ADDRESSEE:

Paula Fruchtman

* * * *Please have your account number ####3791 available when you call our office.* * *

| Account # | Client Name | Date of Service | Original Balance | Total Interest Added | Total Non-Int Chrges/ Adjstmts | Total Paid | Current Balance |
|---|---|---|---|---|---|---|---|
| ####3791 | JCP&L | 07/22/16 | 213.31 | 0.00 | 0.00 | 0.00 | 213.31 |

This communication is from a debt collector.

Dear Paula Fruchtman,

The above client has referred your unpaid account to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In any communication with our company or your creditor always refer to your account number, printed on this letter.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Collection Department  
1-800-504-3755

CONROSS105

***Detach Lower Portion and Return with Payment***

| Card number plus 3 or 4 digit security code (on back of card) | |
|---|---|
| Cardholder Name | EXP. DATE / |
| Cardholder Signature | AMOUNT $ |

ONROSS10  
PO Box 1022  
Wixom MI 48393-1022  
ADDRESS SERVICE REQUESTED

MAIL ALL CORRESPONDENCE TO:

L.J. ROSS ASSOCIATES, INC.  
P.O. Box 6099  
Jackson MI 49204-6099

September 15, 2016

Paula Fruchtman

Creditor: Jcp&l  
Our Account #: ####3791  
Total Due: $213.31